IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01355-PSF-MEH

KYLE LARSON and
TEARSA LARSON,

     Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

     Defendant.
_____

**AMENDED ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER**
_____

     This matter is before the Court based on further review of Defendant's Motion for a Protective Order [Docket #23]. The matter is briefed and has been referred to this Court [Docket #25]. The Court heard oral argument on this motion, as well as others, on February 15, 2007. Based oral argument and the corresponding briefs, the Court ordered in part that both parties were prohibited from using the discovery in this case for any purpose outside this lawsuit. The Court further concluded that these material could not be used for any other purpose during the pendency of this lawsuit, erroneously believing that this was the protection sought by Defendant. The Court noted the potential jurisdictional concerns with an order that would remain in effect after the termination of this lawsuit. After further review, the Court has satisfied its concerns over jurisdiction and, as explained *infra*, AMENDS its previous order and ORDERS that the video depositions taken in this case not be publicly disseminated at any time, except as to those portions of any video depositions actually admitted at trial and, therefore, part of the public record of this lawsuit.

     The protective order sought by Defendant is intended to prevent Plaintiff's counsel from using

clips of the video depositions from this case in later seminars allegedly for his own commercial gain. Defendant argues that this is an improper use of the depositions, while Plaintiff contends that these are part of the public record of the case and that others should rightfully have access to this information. "Whether pre-trial discovery materials are a component of public record is a well settled point of law in federal courts." *Eaton v. Harsha*, No. 06-4030, 2006 U.S. Dist. LEXIS 80378 *6 (D. Kan. Oct. 23, 2006). The United States Supreme Court has held that discovery is for the "sole purpose of assisting in the preparation and trial of litigated disputes" and that "pretrial depositions and interrogatories are not public components of a civil trial." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). The proper standard, therefore, is the good cause standard delineated in Rule 26. *See id.* It is within the sound discretion of this Court to determine whether a protective order is appropriate to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The Court applied this standard at oral argument and determined that good cause existed for the entry of a protective order to prevent annoyance, harassment, and embarrassment. The Court will revisit that determination only in summary. A videotaped deposition is, by nature, information that would not otherwise be obtained by opposing counsel, absent this litigation. It is, therefore, appropriate that such information be limited to use in this lawsuit, if the Defendant can establish that other uses will subject the deponents to annoyance, harassment, and embarrassment. Defendant contends that Plaintiff's counsel does nothing to hide the identity of the deponents in his seminars, edits the clips chosen, and thus inaccurately portrays these individuals in an embarrassing and humiliating light. The Court sees no reason to subject these individuals to this annoyance and undue burden in conjunction with this lawsuit for the commercial gain of Plaintiff's counsel after the

conclusion of this lawsuit.  This is particularly true when information gained in depositions may be largely irrelevant to the underlying case, because a party has "no First Amendment right to disseminate information obtained by the 'legislative grace' of discovery which 'may be unrelated, or only tangentially related, to the underlying cause of action.'"  *United States v. Gonzales*, 150 F.3d 1246, 1260 (10th Cir. 1998) (quoting *Seattle Times Co.*, 467 U.S. at 32); *see also Zemel v. Rusk*, 381 U.S. 1, 17 (1965) ("The right to speak and publish does not carry with it the unrestrained right to gather information.").

Plaintiff's counsel may, of course, use video depositions that are actually admitted into evidence at trial, because these portions will be part of the public record.  Thus, Plaintiff is not completely prohibited from future use of these video depositions.  He must only meet the standards of admissibility to make any portion of the deposition a part of the public record in this case, and that portion can only be sealed by order of the trial judge.

As stated above, the Court has determined that this restriction should not be limited to the duration of this lawsuit. Defendants' primary purpose in seeking this protective order is to preclude Plaintiff's counsel from using video depositions after trial for his seminars.  The Court found this constituted good cause but did not extend the protective order beyond the length of this case due to jurisdictional concerns.  However, the Tenth Circuit has held that '[a]s long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed."  *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).  While the Court may enforce this protective order, "the court simply lack[s] the power to impose and new, affirmative requirements on the parties relating to discovery."  *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 781 (1st Cir. 1988) (quoted in *United Nuclear Corp.*,

905 F.2d at 1428).  Thus, the Court limits the continuing effect of the protective order after the conclusion of the case to the following: video depositions taken in this case may not be used for any purpose unrelated to this lawsuit, unless that portion of the deposition is admitted at trial into evidence and is, therefore, properly a part of the public record.

### III.  Conclusion

Accordingly, for the reasons stated above, the Court's order on Defendant's Motion for a Protective Order [Filed January 10, 2007; Docket #23] is **amended** to prohibit the use of video depositions taken in this case for any purpose unrelated to this lawsuit, including after the close of this lawsuit, unless that portion of the video deposition is properly admitted into evidence at trial. Any party may seek leave of the Court to reopen this case at any time for the purpose of enforcing the protective order entered herein.

Dated at Denver, Colorado, this 23rd day of February, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge