IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01355-PSF-MEH

KYLE LARSON and
TEARSA LARSON,

       Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

       Defendant.

---

**RECOMMENDATION ON PLAINTIFFS' MOTION TO
AMEND COMPLAINT TO ADD NON-DIVERSE PARTY**

---

Before the Court is Plaintiffs' Motion to Amend Complaint to Add Non-Diverse Party [Docket #46]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** in part and **deny** in part Plaintiffs' Motion, as specified herein, and **remand** this action to Denver District Court.

**I.    Factual and Procedural Background**

Plaintiffs filed this action against Defendant American Family Mutual Insurance Company ("American Family") in state court on April 28, 2007, alleging breach of contract and bad faith breach of insurance contract. On July 12, 2006, Defendant removed this matter to federal court on the basis of diversity jurisdiction. A scheduling conference was held on September 27, 2006, Plaintiffs served their first set of written discovery on December 13, 2006, and Defendant responded on January 16, 2007. Dock. #46, Exh. 5, p. 11.

Plaintiffs initially alleged that Defendant breached its contract of insurance by failing to pay

the amounts allegedly owed and by delaying the payments that were made. Throughout the claims process, Plaintiffs were represented by the Ross-Shannon Law Firm. In February 2006, the Ross-Shannon Law Firm informed Plaintiffs that they could no longer represent them, because the Ross-Shannon Law Firm intended to retain American Family as a client. Plaintiffs turned to Mr. Smalley as replacement counsel, and he instituted this action in Denver, Colorado District Court, which Defendant subsequently removed to federal court.

Plaintiffs now allege that Defendant's responses to interrogatories received in January 2007 reveal that American Family negotiated with the Ross-Shannon Law Firm regarding representing American Family as early as Fall 2005. Plaintiffs allege that the Ross-Shannon Law Firm intentionally failed to fully pursue recovery for the Plaintiffs because of these negotiations. Plaintiffs also allege that American Family instructed the Ross-Shannon Law Firm to "resolve" all cases they currently had against American Family, which allegedly placed the Ross-Shannon Law Firm in the position of either zealously representing Plaintiffs to the detriment of these negotiations, or terminating their representation of Plaintiffs so that they could receive business from American Family. Plaintiffs further allege that American Family had a duty to notify its insureds, such as Plaintiffs, that they were considering retaining the services of Plaintiffs' current counsel. Plaintiffs allege that American Family intentionally failed to notify its insureds of these communications so that these claims would be resolved in terms more favorable to American Family.

Based on these circumstances and allegations, Plaintiffs seek to join as non-diverse parties the Ross-Shannon Law Firm and Brad Ross-Shannon individually and to assert claims of breach of fiduciary duty and negligence against these new parties. Plaintiffs also seek to add a claim of civil conspiracy between the Ross-Shannon Law Firm and American Family, as well as a claim under the

Colorado Consumer Protection Act against Defendant American Family.

Defendant opposes these amendments and additional parties as a dilatory attempt to defeat diversity jurisdiction. Defendant argues that Plaintiffs were aware of all relevant allegations since at least February 2006 and cite to a surprise encounter between Brad Ross-Shannon and Plaintiff Tearsa Larson at American Family's place of business in October 2005. Defendant further argues that joint liability for the civil conspiracy claim indicates that the additional parties are unnecessary for Plaintiffs to receive full recovery. Defendant finally alleges that Plaintiffs have resisted all Defendant's efforts to inquire into the termination of Plaintiffs' attorney-client relationship with the Ross-Shannon Law Firm, such that Defendant cannot determine what Plaintiffs knew at that time and whether the Law Firm's negotiations with American Family affected Plaintiffs' claims.

## II.  Discussion

### A.  Standard of Review

The instant motion brings two separate matters before the Court: (1) Plaintiffs' request to add additional non-diverse parties; and (2) Plaintiffs' requests to assert additional claims against Defendant American Family. In the first instance, the Court's analysis is guided by 28 U.S.C. § 1447(e), because this case was originally removed from Denver District Court. A court determining the appropriateness of joinder after a case has been removed to federal court is faced with two choices: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Under Section 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19 analysis." *Mayes v.*

*Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). Rather, the Court must "balance the defendant's interest in retaining the federal forum with the plaintiff's competing interest in avoiding parallel federal and state litigation. *E.g.*, *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A balancing of the equities under the Court's discretion is a more appropriate analysis in this case than are the rigid requirements of Rule 19, because remand remains an option. *See Nazario v. Deere & Co.*, 295 F. Supp.2d 360, 363 (S.D.N.Y. 2003). In striking this balance, the Court must consider (1) whether the purpose of Plaintiffs' amendment is to destroy diversity jurisdiction, (2) whether the amendment was unduly delayed, and (3) whether Plaintiffs will be prejudiced if the amendment is denied. *E.g.*, *Mayes*, 198 F.3d at 463 (relying on the doctrine of fraudulent joinder to deny joinder of non-diverse parties); *Da Cruz v. Towmasters of N.J., Inc.*, 217 F.R.D. 126, 134 (E.D.N.Y. 2003) (listing factors to consider before allowing joinder).

In the second instance, Plaintiffs' request to amend their Complaint against Defendant American Family is guided by Fed. R. Civ. P. 15(a). Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005). Although Defendant first points to the good cause standard for amending the Scheduling Order under Rule 16(b), the Tenth Circuit has not concluded that this standard applies to the amendment of a complaint. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Nevertheless, the Tenth Circuit has noted that the good cause

standard of Rule 16(b) requiring diligence produces essentially the same result as a finding of no undue delay and no undue prejudice under Rule 15(a). *Id.* (holding that the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry for a motion to amend complaint). The primary difference in these two standards is that Rule 15(a) also considers the prejudice to the non-moving party; whereas Rule 16(b) requires the moving party to establish good cause without regard to any lack of prejudice. *See Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

### B. Joinder of Non-Diverse Parties

Pursuant to Rule 20, joinder is permissible if Plaintiffs' right to relief against the non-diverse parties arises "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). Here, Plaintiffs assert a common civil conspiracy between the Ross-Shannon Law Firm and Defendant and allege that all parties violated their respective duties to Plaintiffs by failing to disclose the negotiations between Defendant and the Ross-Shannon Law Firm. Thus, joinder is permissible. Once this low threshold is met, the Court must also determine whether joinder should be allowed under the factors referenced *supra* for cases that have been removed from state court on the grounds of diversity jurisdiction.

#### 1. Purpose of Joinder

Defendant argues that the purpose of this joinder is to defeat diversity jurisdiction, because Plaintiffs can fully recover from American Family, and American Family can seek contribution from the non-diverse parties. To that end, Defendant points to Colorado law requiring joint liability for civil conspiracy. C.R.S. § 13-21-111.5(4). While this may eliminate the need for non-diverse parties

regarding the conspiracy claim, Plaintiffs also assert claims for breach of fiduciary duty and negligence against the non-diverse parties arising out of the same series of transactions, for which American Family certainly claims no joint liability.

Plaintiffs' separate claims against the non-diverse parties indicate that joinder is not sought solely for the purpose of defeating diversity jurisdiction. This ability to separately recover from the non-diverse parties weighs in favor of joinder in this action. *E.g.*, *Jones v. Rent-A-Center E., Inc.*, 356 F. Supp. 2d 1273, 1277 (M.D. Ala. 2005) (allowing joinder because plaintiffs could not obtain complete relief without the non-diverse parties), *cited in Knowles v. Am. Family Mut. Ins. Co.*, No. 06-1297, 2006 U.S. Dist. LEXIS 74527 (D. Colo. Oct. 13, 2006). The Court, therefore, concludes that joinder is not sought for an improper purpose.

### 2. Timing of Joinder

Although the Court does not conclude that Rule 16(b) applies to this analysis, the Court first notes that the improper delay factor considered under 28 U.S.C. § 1447(e) is substantially similar to the due diligence standard of Rule 16(b). In this regard, Defendant argues that Plaintiffs were aware of these allegations in February 2006, but failed to seek joinder until February 2007. Defendant relies on an encounter between Plaintiff Tearsa Larson and Plaintiffs' former counsel in October 2005, referenced *supra*, and deposition testimony by Plaintiffs' appraiser that she spoke with Plaintiffs' current counsel in December 2005. Defendant infers from these facts that Plaintiffs were aware of the conflicts with former counsel and the allegations supporting their claims for civil conspiracy at least as early as February 2006, when the Ross-Shannon Law Firm terminated its representation of Plaintiffs. Defendant further contends that it has been precluded from seeking discovery on this issue by Plaintiffs' claims of privilege relating to their former counsel's files. In response, Plaintiffs argue

that they expected their former counsel to pursue negotiations with American Family after their representation ended and did not realize that negotiations began prior to February 2006. Both parties argue that Plaintiffs' first set of written discovery requests supports their time line of events.

Joinder of a party based on newly discovered evidence is justified if the moving party has not waited an unreasonably long period before moving to amend. *E.g.*, *ARE Sikeston Ltd. Partnership v. Weslock Nat'l*, 120 F.3d 820, 832 (8th Cir. 1997) (focusing on when the plaintiff likely learned of the facts underlying the additional claims as compared to when the plaintiff sought the amendment). The entire record in this case indicates that Plaintiffs' amendment was not unduly delayed. Plaintiffs' original Complaint includes no allegations relating to the Ross-Shannon Law Firm, and Defendant states it was not aware of this issue until receiving Plaintiffs' first set of written discovery. In this first set of written discovery, Plaintiffs asked Defendant to state the date that Defendant first considered retaining the Ross-Shannon Law Firm; the date of initial communication; and whether Plaintiffs were still represented by the Ross-Shannon Law Firm at the time of the initial communication. Dock. #56, Exh. 3, p. 3. While it appears that Plaintiffs suspected negotiations began prior to February 2006, the first evidence in the record to support this allegation is found in Defendant's responses to these interrogatories. The Court certainly cannot expect Plaintiffs to assert allegations based solely on their suspicions.

Defendant also argues that Plaintiffs retained their current counsel as early as December 2005, indicating that Plaintiffs were aware of the conflict with American Family at that time. Plaintiffs' Reply asserts that the dates given by Ms. Grover were in error and attach the affidavit of Plaintiff Tearsa Larson stating that her current counsel was not retained until April 2006. Again, the entire record in this case supports Plaintiffs' argument that Plaintiffs were not aware of the conflict until the

Ross-Shannon Law Firm terminated their representation of Plaintiffs and did not learn the timing of the communications until Defendant responded to Plaintiffs' first set of written discovery. Plaintiffs having received these responses on January 16, 2007, the Court does not find the timing of Plaintiffs' amendment to be unreasonably or unduly delayed. *See* Dock. 46, Exh. 5, p. 11.

### 3. Prejudice to Plaintiff if the Amendment is Denied

Plaintiffs would also be prejudiced if this amendment is denied, because Plaintiffs would be required to pursue claims in a separate forum against the Ross-Shannon Law Firm that arise out of the same series of transactions or occurrences as their claims against Defendant. *E.g.*, *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 543 (6th Cir. 2006) (finding a harm to the plaintiff if failing to join and remand would require a "two-suit" resolution of the plaintiff's claims). *Coley v. Dragon, Ltd.*, 138 F.R.D. 460, 465 (E.D. Va. 1990) (pointing to "the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources"). The inefficiency of proceeding in parallel forums, and the desirability of providing complete relief to Plaintiffs in one lawsuit, warrant joinder of the non-diverse parties. Thus, while the Court recognizes Defendant's interest in proceeding in federal court, the Court believes that had the relevant facts been known to Plaintiffs prior to the filing of the original Complaint, Defendant would have had no basis for removal. The balancing of these equities weighs in favor of joinder.

### C. Amendment for additional claims against Defendant American Family

Plaintiffs assert two additional claims against American Family: (1) civil conspiracy; and (2) a Colorado Consumer Protection Act ("CCPA") claim. The first claim is based on the same allegations that are discussed in detail above. Based on the preceding analysis regarding the timing of Plaintiffs' amendment, the Court concludes that Plaintiffs' amendment was not unduly delayed.

Further, the Court finds that any prejudice to Defendant can be cured, because this amendment is by no means at the eleventh hour. The amendment of the Complaint to include this claim is, therefore, proper. *E.g.*, *A/R Roofing, LLC v. Certain Teed Corp.*, No. 05-1158, 2006 U.S. Dist. LEXIS 87071 *11 (D. Kan. Nov. 30, 2006).

The second claim is much more troubling to the Court. Plaintiffs allege that Defendant American Family violated the CCPA through is policy and practice of paying claims based on artificially reduced assessments of the covered property and by hindering the claimant's ability to replace the property within one year, as required by the policy. Dock. #46, Exh. 7, ¶¶ 44-45. These facts arise from the heart of Plaintiffs' original Complaint and have been apparent to Plaintiffs since the inception of this lawsuit. Notably, Plaintiffs' Motion fails to mention this claim, and although pointed out by Defendant's Response, Plaintiffs' Reply is similarly void of any recognition that this claim has been presented. Accordingly, any arguments by Plaintiffs in support of this claim have been waived. Moreover, the Court concludes that Plaintiffs are dilatory in seeking this amendment. The Court, therefore, recommends that Plaintiffs' Motion be denied with respect to the CCPA claim. *See Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006).

**III.   Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiffs' Motion to Amend Complaint to Add Non-Diverse Party [Filed February 26, 2007; Docket #46] be **granted** in part and **denied** in part as follows:

> that non-diverse parties Brad Ross-Shannon and the Ross-Shannon Law Firm be joined in this lawsuit;
>
> that Plaintiffs be granted leave to amend this Complaint to include claims against the non-diverse parties and a claim of civil conspiracy against Defendant American

Family;

that Plaintiff's motion to amend be denied with respect to the Colorado Consumer Protection Act claim against Defendant American Family;

and that upon the filing of Plaintiffs' Amended Complaint in conformance with this Recommendation, that this case be **remanded** to Denver District Court.

Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

The parties are reminded that until such time as this Recommendation is adopted by the District Judge, this Court retains subject matter jurisdiction over this case. Accordingly, discovery will continue as appropriate unless and until this matter is remanded to Denver District Court. If either party seeks clarification of the Court's intentions in the discovery process, counsel may contact Chambers to request a telephonic status conference.

Dated at Denver, Colorado this 27th day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).