IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01355-PSF-MEH

KYLE LARSON and
TEARSA LARSON,

      Plaintiffs,
v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.
_____

**ORDER ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**
_____

Plaintiff has filed a Motion for Protective Order [Docket #92] requesting that the depositions of Plaintiffs be stayed. The matter has been referred to this Court for resolution [Docket #93]. The Court heard extensive oral argument during telephonic status conference on April 3, 2007 and has anticipated the filing of this motion based on statements made by Plaintiffs' counsel. For the reasons stated below, the Court **denies** the Motion for Protective Order.

The Court issued a Recommendation on Plaintiffs' Motion to Amend, which recommended joinder of the non-diverse party and remand to state court. In the Recommendation, the Court stated that discovery would continue in this case unless and until the District Court remanded the action to state court. The parties sought clarification at the telephonic status conference, and the Court clarified as follows: Because the Ross-Shannon Law Firm and Brad Ross-Shannon may be added as parties to this lawsuit, discovery against these parties should be stayed until it is determined whether they will remain as witnesses in this action or will be added as Defendants. All other discovery in this case will continue.

Plaintiffs filed the instant Motion for Protective Order arguing, *inter alia*, that their depositions should not go forward until the non-diverse parties' status is determined so that they will not be subjected to two depositions. Conversely, Defendant stated in the telephonic status conference that the timing of when Plaintiffs learned of the negotiations between the Ross-Shannon Law Firm and Defendant American Family determines whether joinder is appropriate at this juncture in the case. Defendant seeks to depose Plaintiffs so that it can determine whether it should object to the Recommendation. Defendant initially agreed to limit the deposition of Plaintiffs to the scope of the Recommendation, but Plaintiffs allege that Defendant now seeks to completely depose Plaintiffs.

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). This protection includes the time and place of depositions. Fed. R. Civ. P. 26(c) advisory committee's note (1970); *see also In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987) ("The trial court has great discretion in establishing the time and place of a deposition."). The present issue concerns the timing of these depositions.

At the outset, the Court notes that Defendant referenced in its Response to the Motion to Amend that it had not received sufficient discovery to determine when Plaintiffs learned of the conflict of interest. Dock. #56, pp. 5, 13. At that time, however, Defendant did not seek an extension of time to respond to the motion until such time as Plaintiffs could be deposed. Now, Defendant seeks to obtain such discovery. Because this Court issued its Recommendation on the dispositive issue of subject matter jurisdiction, the District Court's review of this Recommendation will be under a *de novo* standard, assuming either party objects to the Recommendation. Thus, any new discovery

obtained by Defendant relevant to this issue should be obtained, if at all possible, prior to the deadline for objecting to the Recommendation. As stated in the telephonic status conference, and reiterated here, the discovery sought by Defendant is necessary and should not be delayed.

Plaintiffs further seek a stay of discovery because Defendant cancelled the completion of the deposition of Plaintiffs' appraiser Margaret Grover on the grounds that re-deposing her if this case is remanded would be inefficient. The Court disagrees with either party's objections based on this ground. Potential claims against the Ross-Shannon Law Firm and Brad Ross-Shannon do not require a stay of all discovery, only discovery against these non-diverse parties who may soon be postured as defendants rather than simply witnesses in this action. Moreover, any "supplemental discovery" required after remand "can be tailored to minimize costs to the parties." *EEOC v. Joslin Dry Goods Co.*, No. 05-0177, 2006 U.S. Dist. LEXIS 61999, *13 (D. Colo. Aug. 29, 2006).

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion for Protective Order [Filed April 3, 2007; Docket #92] is **denied**. The parties are reminded that neither the filing of an appeal of this Order nor the filing of a Motion to Stay by itself stays discovery in these proceedings. *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 656 (D. Colo. 2001).

Dated at Denver, Colorado, this 4th day of April, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge