IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01355-PSF-MEH

KYLE LARSON and
TEARSA LARSON,

      Plaintiffs,
v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.
_____

**ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING TESTIMONY OF COLORADO STATE BUSINESS PLANS**
_____

      Defendant has filed a Motion for Protective Order [Docket #53] requesting that the Rule 30(b)(6) deposition of its representative, on the issue of Defendant's Colorado State Business Plans for years 2004-2007, be precluded. The matter has been referred to this Court for resolution [Docket #54]. For the reasons stated below, the Court **denies** the Motion for Protective Order.

      This is an insurance coverage case. Plaintiffs have issued a notice of Rule 30(b)(6) deposition on various topics, including Defendant's "Business Plan" for the time period of 2004 to the present ("in effect at any time during the adjustment of this loss"). Defendant objects to discovery concerning its Business Plans, because they contain confidential, proprietary information, and because any possible relevance of the Plans is outweighed by the prejudice of their disclosure. Defendant contends that the Business Plans contain information that, if made available to their competitors in the Colorado insurance market, would harm them. The Business Plans identify the intent of the Defendant in carrying out their business in Colorado for any given year.

      The Court agrees that any Business Plans dated before the loss in this case, which was April

29, 2004, are of insufficient relevance to be discoverable pursuant to Fed. R. Evid. 401 and 403. However, Plaintiffs make a sufficient showing of the relevance of the Business Plans for 2004 forward (during whatever time the adjustment process for this particular loss was occurring) to overcome Defendant's objection, at least for purposes of discovery. In particular, if the Business Plans express a corporate intent to limit or control payouts in certain areas of insurance coverage, such evidence might be admissible concerning the Plaintiffs' claims. However, the Court would certainly entertain a motion (hopefully unopposed) that would seal any portion of a Rule 30(b)(6) deposition on this topic, and the production of any Business Plans may be designated as confidential by the Defendant pursuant to the March 15, 2007, Protective Order entered by the Court.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion for Protective Order [Filed March 8, 2007; Docket #53] is **denied**.

Dated at Denver, Colorado, this 25th day of April, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge