IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01355-PSF-MEH

KYLE LARSON; and
TEARSA LARSON,

      Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.

---

**ORDER ON:**    **1)**    **OBJECTIONS TO MAGISTRATE'S RECOMMENDATION ON PLAINTIFFS' MOTION TO AMEND COMPLAINT AND**
                **2)**    **DIRECTING REMAND OF CASE TO STATE COURT**

---

On March 27, 2007 the Magistrate Judge entered his Recommendation

(Dkt. # 84) on Plaintiffs' Motion seeking leave to amend their complaint in this case

(Dkt. # 46) filed February 26, 2007.  The Magistrate Judge recommends denying the

motion to the extent it seeks to add a claim under the Colorado Consumer Protection

Act ("CCPA"), and granting the motion to the extent it seeks to add Brad Ross-

Shannon, Esq., and his law firm, Ross-Shannon Law Firm, P.C. ("the law firm"), as

defendants in the case and add claims against them for malpractice, breach of fiduciary

duty and civil conspiracy.  Because the joinder of the law firm and its principal would

destroy complete diversity in this case, the Magistrate Judge also recommends that if

joinder is permitted, the case be remanded back to the Denver District Court where it

was originally filed.

On April 6, 2007, Plaintiffs Kyle and Tearsa Larson filed their Objection to the Magistrate Judge's Recommendation (Dkt. # 100) to the extent it recommends denial of the addition of the CCPA claim.  On April 10, 2007, Defendant American Family Mutual Insurance Company ("American Family") filed its Objection to the Magistrate Judge's Recommendation (Dkt. # 104) to the extent it recommends granting joinder of the nondiverse parties and the addition of claims against those parties which would result in a remand, and allowing the addition of a civil conspiracy claim against it.

On April 20, 2007, defendant filed a response to the plaintiffs' objection to the Recommendation regarding the CCPA claim (Dkt. # 113).  On April 24, 2007, plaintiffs requested additional time through May 1, 2007 to file their response to the defendant's objection (Dkt. # 115) which was granted (Dkt. # 120).  Plaintiffs have now filed their response (Dkt. # 124).  This matter is ripe for determination.  The Court has determined that oral argument will not materially assist the Court.

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The factual and procedural background of this case, initially brought by plaintiffs against their homeowner's insurance company for alleged breach of contract and bad faith resulting from the wrongful denial and delayed payment of an insurance claim arising from a house fire (*see* Complaint attached as Exhibit A-1 to Notice of Removal), is accurately and succinctly set forth in the Recommendation of the Magistrate Judge and need not be repeated here.  The Magistrate Judge concluded that plaintiffs' request to add the CCPA claim against the insurer defendant should be denied because the claim was untimely brought and amending the complaint would be

2

prejudicial to the defendant.  He recommended, however, allowing the joinder of the new parties and the addition of claims against them, because he found the claims were not untimely filed, notwithstanding the argument of the defendant to the contrary (Recommendation at 6-7), and because disallowing the additional claims would be prejudicial to plaintiffs (*id*. at 8).  Because 28 U.S.C. § 1447(e) provides that in the event of a post-removal joinder that destroys complete diversity the case must be remanded to the state court, the Magistrate Judge recommends that this case be remanded (*id*. at 3, 9-10).

The Court first considers that aspect of the Recommendation which recommends allowing the addition of the new parties and claims over defendant's objection, because if defendant's objection is overruled and plaintiffs' proposed amendment to the complaint is allowed, this case must be remanded and the Court need not reach the issue of amending to add the CCPA claim.

**PROPOSED AMENDED COMPLAINT**

With respect to the proposed additional defendants, the tendered First Amended Complaint (Exhibit 8 to Dkt. # 46) essentially alleges that plaintiffs retained the law firm in July 2004 to represent them in connection with their claim against the insurer for non-payment of the insurance policy, that subsequent to the retention the insurance company continued to engage in conduct alleged to be breach of the policy and bad faith, and that plaintiffs later learned that in the Fall of 2005 the law firm and its principal had began discussions with the defendant insurer to provide defense representation to the insurer (First Amended Complaint, ¶¶ 8-10).  The First Amended

3

Complaint further avers that the insurer then encouraged the law firm to "resolve" any case in which the law firm represented a client against the insurer before work could be assigned to it (*id.* at 12).   Plaintiffs allege that the discussions between the insurer and the law firm, and the potential conflict of interest arising from such discussions, were not timely disclosed to them by the insurer or by the law firm (*id.*, ¶¶ 11-13).

Plaintiffs further allege that in February 2006, the law firm advised plaintiffs that it could no longer represent them in their claim against defendant insurer, presented its bill for services rendered through that time, and terminated its representation (*id.* at 16). As of that date, no lawsuit had been filed on behalf of plaintiffs against the insurer.  It is also alleged in the tendered First Amended Complaint that commencing February 2006, and continuing for some time thereafter, efforts were made by the defendant insurer to settle some or all of plaintiffs' claims, but the communications sent by the insurer to plaintiffs' former counsel went unheeded (*id.*, ¶¶ 17-21).  Plaintiffs eventually retained their present counsel and filed their complaint against the defendant insurer in Denver District Court in April 2006.  The defendant removed the case to this court in July 2006.

Plaintiffs aver in their proposed amended complaint that the above-described conduct of the defendant insurer, coupled with its refusal and delay in paying their claims, constitutes a bad faith breach of the insurance contract by the insurer (Second Claim for Relief).  They further aver that the above-described conduct by the law firm and its principal constitutes breach of their fiduciary duties to the plaintiffs as clients (Third Claim for Relief) and negligence (Fourth Claim for Relief).  They further allege

4

that the actions of the defendant insurer and the law firm constitute a civil conspiracy to injure plaintiffs by diminishing and delaying prosecution of their insurance claims (Sixth Claim for Relief).  As damages resulting from the alleged conduct, plaintiffs claim they made "payment of unnecessary and unearned legal fees" and incurred non-economic losses including "anger and frustration as a result of the betrayal of" plaintiffs by their attorney, "loss of enjoyment of life" due to the abandonment of plaintiffs by the law firm, and "hopelessness" arising from the need to retain a new law firm and expend additional resources to obtain new attorneys (First Amended Complaint, ¶ 38).[1]

**DEFENDANT'S OBJECTION**

The defendant's Objection argues that the Recommendation should not be accepted because: 1) discovery taken since March 27, 2007 reflects that plaintiffs' motion to amend was not timely filed and that the civil conspiracy claim is unsupport-able and therefore arguably futile; and 2) the joinder of the new parties should not be allowed under F.R.Civ.P. 20(a) because if the civil conspiracy claim is not allowed, the new claims do not arise out of the same transactions or occurrences as the other claims.  The defendant's Objection also argues that review of the Recommendation by this Court must be *de novo.*

---

[1]   Although it is doubtful whether noneconomic damages can be recovered against a law firm for claims of malpractice or breach of fiduciary duty, *see Aller v. Law Office of Carole C. Schriefer, P.C.,* 140 P. 3d 23, 26-27 (Colo. App. 2005), the Court does not consider this aspect of the claims to be determinative on a motion to amend.

5

A.   Standard of Review

As noted above, defendant objects to specifically identified portions of the

Recommendation (Objection at 1-2).  Having made specific objections, the defendant

argues that under F.R.Civ.P. 72(b), this Court must make a *de novo* determination of

those portions of the Recommendation (*id.* at 3).  However, the *de novo* review called

for by Rule 72(b) only applies if the pretrial matter decided by the Magistrate Judge is

"dispositive of a claim or defense of a party."

Here, where the Magistrate Judge's Recommendation addressed a motion

to amend a complaint, the pretrial matter does not appear to be one considered

dispositive within the meaning of Rule 72(b).  *See Pagano v. Frank*, 983 F.2d 343, 346

(1st Cir. 1993 ) ("Under ordinary circumstances a motion to amend a complaint is a

pretrial matter not dispositive of a claim or defense of a party within the purview of

Fed.R.Civ.P. 72(a).") (internal quotation marks and citation omitted).  Nor is a motion

to amend a complaint one of the eight motions excepted by 28 U.S.C. § 636(b)(1)(A),

as to which a district court may only refer the matter to a Magistrate Judge under 28

U.S.C. § 636(b)(1)(B) for proposed findings of fact and recommendations.

Moreover, the fact that allowing amendment of the complaint in this case would

destroy complete diversity and result in a remand to the state court does not render the

pretrial matter dispositive.  *See Delta Dental of Rhode Island v. Blue Cross & Blue*

*Shield of Rhode Island*, 942 F. Supp. 740, 745 (D.R.I. 1996) (Motion to remand is not

generally considered dispositive because it "does not reach the merits of the underlying

dispute but instead decides only the question of whether removal to the federal court

6

was proper.  The parties remain free to litigate the merits of the case following the disposition of the motion, whether in state or federal court.").

Furthermore, although the Recommendation in the instant matter advised the parties that failure to file written objections may bar a party from seeking *de novo* review (*see* Recommendation at 10, n.1) that footnote may be referring to the portion of the Recommendation addressing plaintiffs' proposed amendment to add the CCPA claim, the denial of which is considered dispositive.  Thus the Court here is not required to make *de novo* review of the determination as to whether or not the amendment to the complaint should be allowed.  Nonetheless, this Court accepts the Recommendation of the Magistrate Judge whether reviewed under the clearly erroneous standard of Rule 72 (a), or *de novo* under Rule 72 (b), for the reasons set forth below.

B.    Timeliness of Plaintiffs' Motion to Amend

As noted, defendant argued before the Magistrate Judge that the motion seeking to add the law firm and its principal as defendants and to assert the above-described claims was not timely because plaintiffs waited until February 26, 2007 to file the motion.  Defendant argued before the Magistrate Judge that plaintiffs knew of the purported claims no later than February 2006, failed to assert them in the original complaint filed in April 2006, and waited until February 2007, long after this case was removed to federal court, to seek to add the claims.

The Magistrate Judge rejected this argument, finding that while plaintiff may have suspected that there were negotiations between the law firm and the insurer prior

7

to February 2006, it was not until discovery was provided by defendant in this case that plaintiffs had evidence to support their suspicions (Recommendation at 7).  The Magistrate Judge further found that the plaintiffs were not aware of the timing of the communications between the law firm and the insurer until discovery was provided by the defendant in January 2007 (*id*. at 8).  Moreover, the Magistrate Judge found that the plaintiffs would be prejudiced if they were denied the opportunity to amend their complaint to add these claims in this case, as they would then be required to bring the claims in a separate and somewhat duplicative lawsuit in state court.  Accordingly, the Magistrate Judge concluded that the "balancing of these equities" favors allowing the joinder (*id*).

Defendant's Objection now submits deposition testimony from one of the plaintiffs, taken on April 5, 2007 after the Magistrate Judge issued his Recommendation.  According to defendant, this testimony shows that this plaintiff knew in November 2005 that the law firm was discussing employment with the insurer (Objection at 8-9).  Defendant further submits that the timing of the plaintiffs' efforts to retain substitute counsel began earlier than otherwise thought (*id*.).  Defendant argues that plaintiffs could have brought their claims against the law firm in the original complaint, or at least much earlier than February 2007 (*id*. at 10).  Defendant's Objection further asserts that the delay "was apparently a strategic decision by Plaintiffs' counsel timed for maximum prejudice to American Family."  *Id*. at 11.  The Objection does not, however, specify the nature of the asserted prejudice.

The Court finds that neither plaintiff's recent testimony, nor the asserted unspecified prejudice, changes the circumstances presented before the Magistrate Judge.  The fact that plaintiff testified she was told that the law firm was "thinking" about doing work for the insurer, which may have alerted plaintiffs to a potential conflict of interest, did not provide the plaintiffs with full knowledge of the various acts alleged in the proposed amended complaint, as set forth above, that detail the alleged breach of fiduciary duty by the firm and its principal.  There is no indication that prior to the discovery in this case of the written communications between the insurer and the law firm, plaintiffs knew of the content of the communications between the insurer and the law firm regarding "resolving" this case before work could be assigned, or of the reasons for the failure of the law firm to promptly file a lawsuit against the insurer as it had been instructed by the plaintiffs, or to pass on possible settlement overtures or offers to the plaintiffs, due to its alleged desire to avoid a formal conflict of interest. The Court cannot say that the one plaintiff's recent testimony necessarily reflected sufficient knowledge as of November 2005 on which to file a complaint alleging breach of fiduciary duty and negligence against the law firm.

Moreover, there simply does not appear to be any prejudice here to the defendant if the amendment is allowed.  The plaintiffs will have to serve these new parties and presumably take some discovery from them, but the most serious impact the amendment may have on defendant would be to cause a possible reopening of discovery (which apparently otherwise concluded on April 16, 2007) and possible delay of a trial setting of this case.  However, the Court notes that there are already

9

numerous other ongoing discovery disputes between the parties in this case having nothing to do with the additional parties and additional claims, and it does not appear that allowing the amended complaint will in and of itself be a cause of delay considering all the circumstances of this case.

Furthermore, the Court finds no indication that the joinder of the non-diverse defendants is in the nature of a "fraudulent" joinder, effected by plaintiffs solely for the purpose of destroying diversity and causing a remand. This case was removed from state court in July 2006. If plaintiffs had wanted to effect a joinder of parties solely to cause it to be remanded they presumably would have done so soon after the removal, not some seven months later. Rather, a more plausible explanation, is that plaintiffs filed the claims against the law firm and its principal when they believed they had adequate information to assert such claims.

C.    The Asserted Futility of the Civil Conspiracy Claim and Joinder of Parties under Rule 20(a)

Defendant's Objection also argues that joinder of the law firm and its principal should not be permitted under F.R.Civ.P. 20(a) because the claims against these new defendants (other than the claim of civil conspiracy) do not arise out of the same transactions or occurrences that are alleged in the original complaint (Objection at 4-5), and that the amendment to add the alleged conspiracy claim should not be allowed because it is futile (*id.* at 11-15). The Court does not find these arguments persuasive.

First, it would be premature at this stage of the case to find that the plaintiffs cannot support a civil conspiracy claim. The case is not before the court on a motion

10

for summary judgment.  The plaintiffs have not taken discovery of the law firm or its principal.  The plaintiffs have not been given the opportunity to come forward with all their evidence of the alleged conspiracy.  At this time, the alleged civil conspiracy claim cannot be deemed futile so as to preclude it being added by an amendment to the complaint.  Therefore, since the alleged civil conspiracy remains in the case, the Court need not necessarily reach the defendants' argument that joinder of the breach of fiduciary duty claims is not proper under Rule 20(a).  However, since the Magistrate Judge considered this argument, the Court makes the following ruling.

Rule 20(a) provides, in pertinent part, that all persons may be joined in one action as defendants if there is asserted against them jointly, severally or in the alternative "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences."  One of the theories of the proposed amended complaint appears to be that the delay by the attorney in the filing of a lawsuit against the insurer, and the insurer's denial or delay of payment of plaintiffs' claim, was at least in part due to the fact that the law firm was engaged in discussions with the insurer about being retained by it, and that the failure of both the insurer and the lawyer to communicate these discussions constitute breaches of the separate fiduciary duties of each of them (*see* Plaintiffs' Response to Objection, Dkt. # 124, at 5-6).  The alleged breach of fiduciary duty by the law firm is a separate claim from the conspiracy claim against the two defendants.  Thus, although the alleged duties of the defendants may be different, the alleged breaches of those duties arise out of the same occurrence or transaction, or series of occurrences or transactions.

11

It would be inefficient for the parties and a waste of judicial resources to have one set of these claims tried in federal court against the insurer, and the other tried in state court against the law firm, as both apparently involve the same witnesses, documents and communications.  Since the claims against both sets of defendants do arise out of the same series of transactions or occurrences, the joinder of the new defendants is proper under Rule 20(a).

For the reasons set forth above, the Court accepts the Recommendation of the Magistrate Judge that the plaintiffs be allowed to file their First Amended Complaint to the extent it alleges claims against defendant law firm, Ross-Shannon, P.C. and its principal, Brad Ross-Shannon.

28 U.S.C. § 1447(e) expressly provides:

> If after removal the plaintiff seeks to join additional defend-
> ants whose joinder would destroy subject matter jurisdiction,
> the court may deny joinder, or permit joinder and remand the
> action to the State court.

Thus, having concluded that joinder should be permitted, the Court must order that this case be remanded to the state court.

**PLAINTIFFS' OBJECTION TO DENIAL OF MOTION TO ADD CCPA CLAIM**

Although the Court finds the reasoning of the Magistrate Judge persuasive as to the reasons for denying the motion to add a CCPA claim against the defendant, because this case is being remanded to the state court, this Court does not reach the Magistrate Judge's Recommendation to deny plaintiffs' request to add the CCPA claim.

12

**CONCLUSION**

For the reasons set forth above, plaintiffs' Motion to Amend Complaint to Add Non-Diverse Party (Dkt. # 46) is GRANTED and the First Amended Complaint tendered by the plaintiffs is accepted for filing, to the extent that it joins Brad Ross-Shannon, Esq. and Ross-Shannon Law Firm, P.C. as defendants in the case and asserts the Third, Fourth and Sixth Claims for Relief against them.

Because the joinder of these defendants destroys diversity, the Clerk of the Court is directed to REMAND this case to the Denver District Court.

In light of the order of remand, the Court makes no ruling on plaintiffs' motion to add the Fifth Claim for Relief against Defendant American Family contained in the tendered First Amended Complaint.

DATED:  June 8, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____

Phillip S. Figa
United States District Judge